# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "Agreement") is made and entered into as of the 23rd day of March, 2012, by and between Holly Fournier (hereinafter referred to as the "Plaintiff") and Stellar Recovery, Inc., a Florida corporation (hereinafter referred to as the "Defendant").

WHEREAS, the Plaintiff has filed a lawsuit against the Defendant, specifically Case No. 12-cv-00530-RPM-CBS, in the U.S. District Court for the District of Colorado (hereinafter referred to as the "Lawsuit") and is alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

WHEREAS, the Defendant denies any liability to the Plaintiff; and

WHEREAS, the parties wish to amicably, fully, and forever resolve any and all claims that now or may exist between them.

NOW, THEREFORE, for and in consideration of the premises, covenants, and agreements contained herein, and other good and valuable consideration, the adequacy and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Payment and Dismissal.** The Defendant shall pay to the Plaintiff the amount of Five Thousand Dollars and Zero Cents ($5,000.00), such payment to be made payable to: "**David M. Larson, Esq.**" which shall be sent to Plaintiff's attorney, David M. Larson's office at 88 Inverness Circle East, Suite I-101, Englewood, CO, 80112. The release signed by an authorized representative of the Defendant shall be in the Plaintiff's counsel's possession by 3/27/12. The settlement check shall be in the Plaintiff's counsel's possession within 30 days of March 23, 2012 and no later than 4/23/12. The Plaintiff agrees to have her attorney file a Notice of Dismissal with Prejudice in the Lawsuit with each party to pay her or it's own attorney's fees and costs within 5 days of Plaintiff's counsel's receipt of the settlement check and the signing of the release by the parties.

2. **Remedies Upon Default:** Defendant acknowledges and agrees that any breach of the terms of this Agreement, including, without limitation, non-payment under Paragraph 1, would cause immediate, substantial and irreparable harm to Plaintiff and those damages would be difficult and expensive to prove. Consequently, in the event of any breach of this Agreement, as liquidated damages and not as penalty, Defendant shall pay to Plaintiff Five Hundred Dollars ($500.00) for every seven (7) days it is late with payment under Paragraph, which amount Plaintiff expressly acknowledges is reasonable under the circumstances. In addition to the remedies provided above, the parties agree that if the settlement check is not in the Plaintiff's counsel's possession by April 23, 2012, Plaintiff will be entitled to file a Motion to Enforce Settlement with the Court and obtain judgment against Defendant in the Settlement Amount plus any liquidated damages. Defendant agrees it will not object to the filing of the Motion to Enforce Settlement and this Agreement will serve as Defendant's consent to the filing of same.

FDCPA Release – Fournier v Stellar Recovery, Inc., 12-cv-00530-RPM-CBS, US District Court – Colorado. 4 pages total.

1

Exhibit 1

3. **Mutual Release.** In consideration of the settlement amount specified in numbered paragraph 1, and the promises, warranties, and covenants contained in this Agreement, it is further agreed that Plaintiff and Defendant, on behalf of themselves as well as their respective heirs, executors, administrators, successors, officers, employees, agents, representatives, attorneys, assigns and spouses, hereby agree to fully release and forever discharge and covenant not to sue the other and not hold them liable from any and all claims, demands, or causes of action which either party has against the other prior to the date of the signing of this agreement arising out of the collection letters and phone calls or the Lawsuit filed regarding the collection letters or phone calls including, but not limited to, any claims arising out of, based upon, or relating in any way to any alleged act, omission, or dispute asserted in the Lawsuit or that could have been asserted in the Lawsuit and/or any other claim made under federal or state statutory or common law. This release includes, but is not limited to, claims for damages of any and all types, including compensatory damages, emotional distress, punitive damages, costs, interest, attorneys' fees, and any other damages, whether known or unknown, anticipated or unanticipated, foreseen or unforeseen.

Nothing herein shall be construed to release the Plaintiff from liability on any collection account(s) owed to the Defendant or being collected from the Plaintiff by the Defendant.

4. **No Admission of Liability.** Nothing in this Agreement, nor any act (including, but not limited to, the execution of this Agreement) of the Plaintiff or Defendant, nor any transaction occurring between the Plaintiff and Defendant prior to the date hereof is or shall be treated, construed, or deemed as an admission by any party hereto of any liability, fault, responsibility, or guilt of any kind to any other party hereto or to any person, as to any allegation or claim, or otherwise, for any purpose whatsoever, all such liability, fault, responsibility, and guilt of any kind being expressly denied.

5. **Legal Capacity.** Plaintiff acknowledges that she has entered into this Agreement voluntarily and of her own free will and has the legal capacity to execute this Agreement. Plaintiff further acknowledges that she has been represented by counsel in connection with the negotiation of this Agreement. Defendant acknowledges that it has entered into this Agreement of its own free will and that the representative signing for the Defendant has the legal capacity to execute this agreement on behalf of the corporation. Defendant further acknowledges that it has been represented by counsel in connection with the negotiation of this agreement.

6. **Investigation of Facts.** Each party represents and warrants that it has made such investigation of the facts pertaining to this Agreement and all matters pertaining thereto as it deems necessary.

7. **Unknown Facts.** This Agreement pertains to all claims, actions, causes of action, liabilities, demands, rights, damages, costs, expenses and controversies of every nature and kind whatsoever, known or unknown, suspected or unsuspected. The parties acknowledge that they may hereafter discover facts different from, or in addition to, those which they now know or believe to be true with respect to these matters, and they agree that this Agreement shall remain effective in all respects notwithstanding such different or additional facts or the discovery thereof.

FDCPA Release – Fournier v Stellar Recovery, Inc., 12-cv-00530-RPM-CBS, US District Court – Colorado, 4 pages total.

2

Exhibit 1

8. **Knowledge and Review of this Agreement.** The parties warrant and represent that this Agreement is executed voluntarily with full knowledge of the consequences and implications of their obligations and rights contained herein, and that they have carefully and thoroughly reviewed this Agreement, in its entirety with their counsel, and that such counsel has approved it as to form.

9. **Amendment.** This Agreement may not be amended unless such amendment is in writing and signed by the parties hereto.

10. **No Waiver.** Any breach or violation of any provision of this Agreement may only be waived in writing by the party entitled to the benefits thereof; provided, however, that such waiver shall not operate as or be construed to be a waiver of any subsequent breach or violation hereof.

11. **Benefit.** This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors, officers, employees, agents, representatives, attorneys and assigns. This settlement agreement and mutual release shall inure to the benefit of David M. Larson, Esq., currently located at 88 Inverness Circle East, Suite I-101, Englewood, CO, 80112.

12. **Entire Agreement.** This Agreement supersedes all prior discussions and agreements among the parties hereto with respect to the subject matter hereof and with respect to the transactions set forth in this Agreement and constitutes the sole and entire agreement of the parties with respect thereto. Any representation, inducement, promise, or agreement, whether oral or written, among the parties hereto with respect to the transactions described herein that is not embodied herein shall be of no force and effect.

13. **Severability.** If any provision of this Agreement shall be found by a court to be void, voidable, invalid, or unenforceable, the remaining portions shall remain in full force and effect.

14. **Counterparts.** This Agreement may be executed by scanned / email and / or facsimile transmission and in counterpart originals by each party that, when taken together, shall constitute the whole of the agreement as between the parties. True and correct copies of the fully executed Agreement will be effective to enforce the terms and conditions set forth herein.

15. **Breach of this Agreement.** If a party to this Agreement files a motion or lawsuit to enforce any term or condition herein, the party that prevails in such motion or lawsuit shall be entitled to an award of all attorneys' fees, professional fees, expert witness fees, and disbursements it incurred prosecuting or defending such action.

16. **Choice of Laws.** The parties agree that this Contract shall be interpreted in accordance with the laws of Colorado with regard to any conflict of laws.

FDCPA Release – Fournier v Stellar Recovery, Inc., 12-cv-00530-RPM-CBS, US District Court – Colorado. 4 pages total.

3

Exhibit 1

17. **Choice of Venue.** The parties agree that any and all disputes or actions commenced regarding this contract that cannot be filed or resolved in the original action in U.S. District Court for the District of Colorado, regardless of whether the original case has been closed, shall be filed solely in the El Paso County or District Courts, City of Colorado Springs, County of El Paso, State of Colorado. The El Paso County Courts are currently located at 270 S. Tejon Street, Colorado Springs, CO 80903.

18. **Confidentiality.** The Plaintiff and the Defendant shall hold the settlement amount in confidence and shall not make any disclosure to third parties (other than family members, legal, or financial advisors, insurers, taxation authorities, or as may be required in court pleadings or proceedings) concerning the amount of such settlement, except as may be required by law to enforce this Agreement.

IN WITNESS WHEREOF, the parties cause this Agreement to be executed as of the date(s) written below.

PLAINTIFF:

_____    3.30.12
Holly Fournier                    Date

DEFENDANT:

By: _____ CEO         3-27-2012
Name, Title                       Date
Stellar Recovery, Inc.

BOB B Peterson CEO
Printed Name, Title